IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

FILED ORIGINAL

2003 NOV -3  P 2: 46

US DISTRICT COURT
BRIDGEPORT CT

DIRECTV, INC.
a California corporation,

        Plaintiff,

- against -

RICHARD F. IAGUESSA,

        Defendant.

MOTION AND AFFIRMATION IN
SUPPORT OF DEFAULT
Civil No. 3:03CV238 WWE

1. Wayne D. Lonstein, a member of Lonstein Law Office, P.C., attorneys for Plaintiff, respectfully moves for a Judgment of Default and Order in the above referenced matter against Defendant, **RICHARD F. IAGUESSA**. In further support of Plaintiff's Motion for Default Judgment, Plaintiff annexes hereto as **Exhibit "A"** the Affidavit of Stanley F. McGinnis.

2. Plaintiff respectfully submits that the damages requested in the within Motion are authorized by 47 U.S.C. §605 (the "Communications Act") and 17 U.S.C.§1203(c) (the "Digital Millennium Copyright Act"). Plaintiff requests that this matter be decided on submission.

3. Plaintiff provides programming on a nationwide basis to residential and commercial customers via satellite, paying substantial monies to acquire such proprietary signals from broadcasters, programmers, networks and other similar sources, as well as investing millions of dollars in producing its own programming.

4. In order to protect such proprietary signals, Plaintiff engages in numerous anti-theft activities, including, but not limited to, encryption of signals, the use of access cards, integrated decoder receivers ("IRD's") and electronic countermeasures ("ECM's"), all designed to prevent and block the unauthorized reception of services or reception of premium services levels not paid for by subscribers.

5. This action was commenced pursuant to 47 U.S.C. §605 and 17 U.S.C.§1201(a)(1)(A). A copy of Plaintiff's Summons and Complaint were served on Defendant, **RICHARD F. IAGUESSA**, as set forth

in the proof of service by Emily Rubin, which was filed with the Court on April 14, 2003, a copy of which is annexed as **Exhibit "B."**

6. On May 13, 2003, Howard T. Gemeiner, Esq., filed a Notice of Appearance as Defendant's counsel of record. When Defendant failed to serve an Answer to Plaintiff's Complaint after his counsel's appearance, Plaintiff's counsel began making efforts to procure Defendant's Answer.

7. By letter dated June 17, 2003, and sent to Mr. Gemeiner by facsimile, Plaintiff's counsel requested that Mr. Gemeiner serve an Answer to Plaintiff's Complaint. When no response was forthcoming, Plaintiff's counsel again requested Defendant's Answer by letters dated June 19, June 24, July 1, and October 16, 2003, and sent to Mr. Gemeiner by facsimile. Annexed hereto as **Exhibit "C"** are copies of Plaintiff's letters.

8. In addition to these written requests for Defendant's Answer, Plaintiff's counsel attempted to reach Mr. Gemeiner by telephone, leaving messages for a return call on August 1, August 6, August 11, August 13, August 22, September 12, September 17 and September 24, 2003. Except for the call placed on September 17, 2003, Plaintiff's counsel was unable to speak to Mr. Gemeiner and left messages that were not returned.

9. Notwithstanding Plaintiff's efforts, Defendant has not answered or otherwise moved with respect to the Complaint and the time for Defendant to do so has not been extended. The time within which Defendant may answer or otherwise move with respect to the Complaint herein has expired.

10. Defendant is not an infant or incompetent. Upon information and belief, Defendant is not presently in the military service of the United States.

11. Defendant purchased one or more illegal satellite television descrambling and decoding devices and equipment ("pirate devices") from **Vector Technologies.**

12. Defendant is believed to have used the pirate devices he obtained from **Vector Technologies** to unlawfully intercept Plaintiff's programming services without authorization or payment.

13. Each of the pirate devices which Defendant obtained and, thereafter, used, was specifically designed to modify and circumvent the encryption technology utilized by Plaintiff, descrambling all encrypted

television programming services provided by Plaintiff, making it possible for Defendant to receive Plaintiff's programming signals willfully and deliberately and for purposes of private financial gain without payment to or authorization from Plaintiff.

14. Plaintiff respectfully submits that it is entitled to damages for Defendant's intentional unlawful interception and reception of Plaintiff's television service in violation of 47 U.S.C. §605(a) in the amount of up to $10,000.00, pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II), and, for Defendant's violation of 47 U.S.C. §605(a)(4), Plaintiff seeks damages pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II) in the amount of $100,000.00, plus full costs as provided by 47 U.S.C. §605 (e)(3)(B)(iii) and prejudgment interest.

15. Plaintiff's litigation expenses as associated with the formation, pleading and filing of the within matter include filing fees in the amount of $150.00 and process service fees in the amount of $135.00, for a total of $285.00 in litigations costs. Annexed hereto as **Exhibit "D"** is the invoice for service of process.

16. In conclusion, Plaintiff respectfully requests that this Court enter a default as against Defendant **RICHARD F. IAGUESSA** for his failure to answer or otherwise appear in the within matter and to grant default Judgment as requested above and in Plaintiff's Memorandum of Law.

17. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in this default Judgment, as the interest of justice requires the issuance of Judgment as requested without further delay.

WHEREFORE, Plaintiff respectfully submits that it is entitled to Default Judgment, pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II), 47 U.S.C. §605(e)(3)(C)(i)(II), 47 U.S.C. §605 (e)(3)(B)(iii) for Defendant's violations of 47 U.S.C. §605(a) and 17 U.S.C. §1201(a)(1)(A), and for cost, reasonable attorneys' fees and prejudgment interest as provided by statute, and for such other and further relief as this Court deems just and proper under the circumstances.

Dated: October 24, 2003
       Ellenville, NY 12428

_____
Wayne D. Lonstein

Sworn to before me this 30
day of OCT , 2003.

*April Draganchuk*
*Notary Public State of New York*
*Registration No. 4945872*
*Residing in Ulster County*
*My Commission Expires Jan. 27, 2007*

## CERTIFICATION OF SERVICE

The undersigned certifies that on the  30  day of **October, 2003**, your deponent served the following documents by United States Postal Service, Certified Mail, Return Receipt Requested:

Request for Default, Affidavit in Support of Request for Default, Clerk's Certificate, Plaintiff's Memorandum of Law in support of Default, Motion and Affirmation in Support of Default, Statement for Judgment, Default Judgment

on the following:

Howard Gemeiner, Esq.
132 Temple Street
New Haven, CT 06510

Gregory J. Sachs, Esq.
420 East Main Street
Building 2, Suite 4
Branford, CT 06405

_____
Wayne D. Lonstein, Esq.