IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

FILED ORIGINAL

2003 NOV -3 P 2: 46

US DISTRICT COURT
BRIDGEPORT CT

-----------------------------------------------

**DIRECTV, INC.,**
a California corporation,

        Plaintiff,

- against -

**RICHARD F. IAGUESSA,**

        Defendant.

-----------------------------------------------

**PLAINTIFF'S MEMORANDUM OF
LAW IN SUPPORT OF DEFAULT**

Civil No. 3:03CV238 WWE

Plaintiff, **DIRECTV, INC.**, respectfully submits the within Memorandum of Law in support of its Motion for Default Judgment as to Defendant, **RICHARD F. IAGUESSA**, pursuant to Rule 55 of the Federal Rules of Civil Procedure, based on Defendant's failure to plead or otherwise defend the action against him.

**PROCEDURAL HISTORY**

Plaintiff commenced the within action with the filing of the Summons and Complaint on February 5, 2003. Plaintiff's Complaint alleges that Defendant, **RICHARD F. IAGUESSA** (hereinafter referred to as "Defendant"), violated 47 U.S.C. §605 (the "Communications Act"), as well as 17 U.S.C.§1201(a)(1)(A), (a)(2) and (b)(1) (the "Digital Millennium Copyright Act"), when he utilized one (1) or more illegal satellite television descrambling and decoding devices and equipment ("pirate devices") he purchased from Vector Technologies to intercept and receive Plaintiff's programming services without authorization from or payment to Plaintiff.

Defendant was personally served on March 25, 2003, 2002, at his residence located at 10 Caputo Road, North Branford, Connecticut. On May 13, 2003, Howard T. Gemeiner, Esq., filed his Notice of Appearance as Defendant's counsel of record. By letter dated June 17, 2003, and sent to Mr. Gemeiner by facsimile, Plaintiff's counsel requested that Mr. Gemeiner serve an Answer to Plaintiff's Complaint. When no response was forthcoming, Plaintiff's counsel again requested Defendant's Answer by letters dated June 19,

June 24, July 1, and October 16, 2003, and sent to Mr. Gemeiner by facsimile. In addition to these written requests for Defendant's Answer, Plaintiff's counsel attempted to reach Mr. Gemeiner by telephone, leaving messages for a return call on August 1, August 6, August 11, August 13, August 22, September 12, September 17 and September 24, 2003. Except for the call placed on September 17, 2003, Plaintiff's counsel was unable to speak to Mr. Gemeiner and left messages that were not returned. As of the date of the within Motion, Defendant has not answered or otherwise defended against the Complaint as required by Rule 12 of the Federal Rules of Civil Procedure. Plaintiff requests that its Motion be heard on submission.

## ARGUMENT

## DEFAULT AND STATUTORY DAMAGES ARE PROPER

Plaintiff having served its Summons and Complaint personally on Defendant on March 25, 2003, at his residence located at 10 Caputo Road, North Branford, Connecticut, Defendant had 20 days in which to answer or otherwise defend the action against him, pursuant to Rule 12 of the Federal Rules of Civil Procedure. Having failed to respond to Plaintiff's Summons and Complaint, Defendant is now in default and Plaintiff respectfully submits that, pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Court should grant Default Judgment in Plaintiff's favor.

Plaintiff seeks damages pursuant to 47 U. S. C. §605(e)(3)(C)(i)(II):

> the party aggrieved may recover an award of statutory damages for each violation of subsec. (a) involved in the action in a sum of not less than $1,000, or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

Subsection (a), as referred to above, prohibits the assistance in unauthorized reception ("interception") and divulgence ("publication/dissemination"), of said transmissions. Paragraph (4), as referred to above, prohibits any person from manufacturing, assembling, modifying, importing, exporting, selling, or distributing any device or equipment used to assist in the reception of satellite cable programming, or direct-to-home

satellite services, or any device or equipment intended for any other activity prohibited by subsection (a), such as that presently before this Court.

In Time Warner Cable of New York City v. Ivan Olmo, 977 F. Supp. 585 (E.D.N.Y. 1997), Judge Trager adopted the recommendation of Magistrate Judge Levy that he award increased statutory damages. The Olmo decision concerns claims against Mr. Olmo for which he admitted violations of 47 U.S.C. §605. Dealing with his admitted modification of two devices, the court increased the damage award pursuant to statute against the Defendant:

> In addition, the court may draw an inference of willfulness from a defendant's failure to appear and defend an action in which the plaintiff demands increased statutory damages based on allegations of willful conduct. See Fallaci v. The New Gazette Literary Corp., 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983) (inferring willfulness from defendant's default in a copyright infringement case).

Olmo at 589.

This rationale has been adopted by the Second Circuit as it interpreted the analogous copyright law 17 U.S.C. §101, et seq. D.C. Comics, Inc., v. Mini Gift Shop, 912 F. 2d 29 (2d Cir. 1990). In this vein, Courts have considered this factor as in a copyright infringement action to justify the awarding of enhanced damages against a defaulting defendant. In BMI, Inc., v. R Bar of Manhattan, Inc., 919 F. Supp. 656 (S.D.N.Y. 1996), Magistrate Grubin recommended an enhanced damage award:

> an award of statutory damages totaling $12,000 ($1,500 per song) is appropriate to compensate the copyright owners herein and to provide a deterrent for defendants and other would-be infringers. That sum is approximately five times what BMI license fees would have been plus plaintiffs' investigative expenses. That multiple of license fees is at the upper range of statutory damage awards in similar cases and *is high enough to deter others from calculating that it would be cheaper to violate the copyright laws than to obtain an appropriate license agreement.* (Emphasis ours).

BMI at 660.

This is the same argument presented to this Court. Plaintiff requests that it be granted an award pursuant to statute which not only acts as restitution for the wrongs perpetrated upon its rights by this

Defendant, but, also to deter similar piracy in the state of Connecticut and elsewhere. This very argument was specifically made by Judge Chin in Cablevision Systems New York City Corporation v. Faschitti, 1996 U. S. Dist. LEXIS 1212, 38 U. S. P. Q. 2d (BNA) 1156 (S.D.N.Y. 1996), wherein the Court insightfully opined as follows:

> In light of the nature of the violation alleged in this case, however, I find that a higher award is necessary to deter future violations of the communications law. Faschitti's violation was willful and flagrant, and his failure to appear in the action illustrates his indifferent attitude toward the communications law, (citation omitted). In addition it is likely that Faschetti's interception cost Cablevision more than simply the fees it would have received if those in the tavern had purchased the right to view the fight legitimately. Many non-subscribers may feel no need to subscribe to Cablevision when they can access programming such as pay-per-view at commercial establishments.

Cablevision at 5.

The Court in Century ML-Cable Corporation, et al., v. Edwin F. Carrillo Diaz, et al., 39 F. Supp. 2d 121, 1999 R.S. Dist. LEXIS 3538 (D.P.R. 1999), pointed to the defendant's willfulness and private financial gain as its basis in awarding enhanced damages. Courts have considered this factor, as well as deterrence, to justify an award of enhanced damages against a defaulting defendant.

Likewise, the Court in Entertainment by J&J, Inc. v. Al-Waha Enterprises, Inc., 219 F. Supp. 2d 769, 2002 U.S. Dist. LEXIS 16247 (S.D. Tx. 2002), noted that deterrence is one of the goals of 47 U.S.C. §605 and that the Court must make awards that further this goal. In awarding enhanced damages for the willful violation, the Court further noted that "willfulness has been defined by the Supreme Court as 'disregard for the governing statute and an indifference for its requirements.'" Cablevision Sys. N.Y. City Corp. v. Lokshin, 980 F. Supp. 107, 114 (E.D.N.Y. 1997) (quoting Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 126, 83 L. Ed. 2d 523, 105 S. Ct. 613 at 613027 (1985)).

## THERE IS NO LEGITIMATE USE FOR THE PIRATE DEVICE PURCHASED BY DEFENDANT

Plaintiff has suffered and continues to suffer market erosion in the satellite television market because of piracy and the assistance in piracy, such as that seen in the instant matter. There is no legitimate function

or purpose on a satellite system for a pirate device which has been modified to descramble all encrypted programming, such as regular programming, premium programming and pay-per-view events. The only purpose for such a device is to enable its user to receive unauthorized television programming without having to make payment to the operator. Time Warner Cable of New York City v. Edda Barbosa, 2001 U.S. Dist. LEXIS 58 (S.D.N.Y. 2001).

## PLAINTIFF IS ENTITLE TO DAMAGES

Plaintiff provides programming on a nationwide basis to residential and commercial customers via satellite, paying substantial monies to acquire such proprietary signals from broadcasters, programmers, networks and other similar sources, as well as investing millions of dollars in producing its own programming. In order to protect such proprietary signals, Plaintiff engages in numerous anti-theft activities, including, but not limited to, the following: encryption of signals, the use of access cards, integrated decoder receivers ("IRD's") and electronic countermeasures ("ECM's") , all designed to prevent and block the unauthorized reception of services or reception of premium services levels not paid for by subscribers.

Plaintiff respectfully submits that it is entitled to damages pursuant to 47 U.S.C. §605 and 17 U.S.C.§1201(c). Each of the pirate devices which Defendant obtained and, thereafter, used, was specifically designed to modify and circumvent the encryption technology utilized by Plaintiff, and to fulfill the illicit function of descrambling all encrypted television programming services provided by Plaintiff, without payment to or authorization from Plaintiff. At all times, Defendant is believed to have engaged in the unauthorized reception of Plaintiff's programming services with the intent and specific knowledge that his use of such devices enabled him to intercept and receive programming services without authorization from, and without having made payment to, Plaintiff for reception of those programming services. Defendant's unauthorized reception of Plaintiff's television programming services has been ongoing and continuous since the date that Defendant obtained the "pirate" device(s) from Vector Technologies. Defendant has engaged in the unauthorized reception of programming services belonging to Plaintiff for purposes of private financial gain

and has acted, at all times, willfully and deliberately.

Recognizing the value of deterring such piracy, the Second Circuit has awarded enhanced damages for willful violations, as have other circuits. International Cablevision, Inc., v. Sykes, 997 F.2d 998 (2d Cir. 1993); Time Warner Entertainment v. Worldwide Electronics, L.C., 50 F. Supp. 2d 1288 (S.D. Fla. 1999). In cases in which multiple statutes are violated, a request for the higher damages awarded by 47 U.S.C. §605 should be granted. International Cablevision, Inc., v. Sykes, *supra*.

For Defendant's violation of 47 U.S.C. §605 (a), Plaintiff seeks recovery from this Defendant pursuant to 47 U. S. C. §605(e)(3)(C)(i)(II) in the amount of $10,000.00. Additionally, Plaintiff sees full costs as provided by 47 U. S. C. §605 (e)(3)(B)(iii) and interest on the award. For Defendant's violation of 47 U. S. C. §605(a)(4), Plaintiff seeks damages pursuant to 47 U. S. C. §605(e)(3)(C)(i)(II) in the amount of $100,000.00, plus full costs as provided by 47 U.S.C. §605 (e)(3)(B)(iii) and prejudgment interest.

Plaintiff's litigation expenses as associated with the formation, pleading and filing of the above captioned matter include filing fees in the amount of $150.00 and process service fees in the amount of $135.00, for a total of $285.00 in litigations costs.

## CONCLUSION

Despite Plaintiff's diligent efforts to procure Defendant's Answer prior to filing a Motion for Default, Defendant has not filed an Answer to Plaintiff's Complaint. As a result, Plaintiff respectfully requests that the Court grant its Motion for Default Judgment based on Defendant's failure to answer or otherwise defend the action against him. Defendant willfully and deliberately violated 47 U.S.C. §605 (a) and 17 U.S.C. §1201 (a)(1)(A), (a)(2) and (b)(1). Defendant used one or more "pirate" devices obtained to receive and intercept Plaintiff's programming services without Plaintiff's authorization. Defendant has engaged in the unauthorized reception of Plaintiff's programming services for the purposes of private financial gain and has acted, at all times, willfully and deliberately, with knowledge and awareness that his acts were in violation of 47 U.S.C. §605(a) and 17 U.S.C. §1201 (a)(1)(A), (a)(2) and (b)(1), each act requiring scheming and overt acts justifying the imposition of damages in an amount up to the maximum statutory damages pursuant to 47 U.S.C. §605(a),

plus costs, attorneys' fee and prejudgment interest as permitted by statute.

Dated: October 24, 2003
      Ellenville, NY

                                        Wayne D. Lonstein
                                        CT Federal Court Bar Roll No. 19973
                                        LONSTEIN LAW OFFICE, P.C.
                                        Attorneys for Plaintiff
                                        1 Terrace Hill, P.O. Box 351
                                        Ellenville, New York 12428
                                        Telephone: (845) 647-8500
                                        Facsimile: (845) 647-6277
                                        *Our file no. DTV-2CT-08*